Bjorn JENSEN et al.,
Plaintiffs-Appellants,

v.

The NATIONAL MARINE FISHERIES
SERVICE (NOAA) et al.,
Defendants-Appellees.

No. 73–3125.

United States Court of Appeals,
Ninth Circuit.

March 11, 1975.

Francis J. MacGregor, Asst. Atty. Gen., Hartford, Conn. (Robert K. Killian, Atty. Gen., on the brief), for defendant-appellant.

Norman J. Johnson, Waterbury, Conn. (Waterbury Legal Aid, on the brief), for plaintiffs-appellees.

Before KAUFMAN, Chief Judge, SMITH, Circuit Judge, and MacMAHON, District Judge.*

PER CURIAM:

---

* Of the Southern District of New York, sitting by designation.

Douglas M. Fryer (argued), Seattle, Wash., for plaintiffs-appellants.

Charles F. Mansfield, Asst. U. S. Atty. (argued), Washington, D. C., for defendants-appellees.

Before TRASK and CHOY, Circuit Judges, and MURRAY,* District Judge.

## OPINION

TRASK, Circuit Judge:

This is an appeal from an order of the district court dismissing appellants' complaint for lack of jurisdiction. The action below was for a declaratory judgment and an injunction against the enforcement of a regulation of the International Pacific Halibut Commission [Commission], and of the Northern Pacific Halibut Act of 1937, 16 U.S.C. §§ 772b, 772d, 772e, which provide criminal penalties for the violation of the Commission regulations. Appellees are National Marine Fisheries Service, and Philip Roedel, Director, who seek to enforce the regulations, and the United States.

Appellants are owners and operators of fishing boats who fish in the Pacific Ocean by means of otter trawls. They catch fish by dragging nets along the ocean floor. They complain of a regulation enacted by the Commission which prohibits them from keeping halibut which they catch in their nets incidentally to other fish upon which they concentrate their efforts. The regulation requires them to return the halibut to the sea after they are caught in the nets. In 1971 the scientific staff of the Commission recommended that the trawlers be permitted to keep a certain percentage of the halibut taken in specific areas. The Commission did not adopt the staff's view and reenacted the regulation. This suit followed.

The Commission was created by a treaty, the Convention Between the United States and Canada for the Preservation of the Halibut Fishery of the Northern Pacific Ocean and Bering Sea,

---

* Honorable William D. Murray, Senior United States District Judge, from the District of Montana, sitting by designation.

March 2, 1953, [1954] 5 U.S.T. 5, T.I.A.S. No. 2900. The treaty provides that the Commission will enact regulations to preserve the fishery with the approval of the President of the United States and the Governor General of Canada. The power of the President to approve the regulations was delegated to the Secretary of State by Executive Order No. 11467, May 1, 1969, 34 Fed.Reg. 7271. In 1972 the Commission reenacted the regulation here complained of, and it was approved by the Secretary.

In the district court appellants predicated their claim of jurisdiction on the Administrative Procedure Act [APA], 5 U.S.C. §§ 702, 704, and on 28 U.S.C. § 1346 (Tucker Act). On appeal they assert jurisdiction only under the APA. The bases of appellants' arguments are: (1) that the Secretary's action in approving the regulation constituted agency action within the meaning of 5 U.S.C. §§ 702, 704, and therefore is reviewable in federal court; and (2) that the action of Congress in passing 16 U.S.C. §§ 772b, 772d and 772e was an unconstitutional delegation of legislative power to the President because it provided no guidelines concerning the approval of regulations adopted by the Commission.

■ For the purposes of this appeal the Secretary's actions are those of the President, and therefore by the terms of the APA the approval of the regulation at issue here is not reviewable. The APA provides: "This chapter [APA] applies, according to the provisions thereof, except to the extent that . . . (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Since presidential action in the field of foreign affairs is committed to presidential discretion by law, Chicago & Southern Air Lines, Inc. v. Waterman Steamship Corp., 333 U.S. 103, 111, 68 S.Ct. 431, 92 L.Ed. 568 (1948); United States v. Curtiss-Wright Corp., 299 U.S. 304, 319, 57 S.Ct. 216, 81 L.Ed. 255 (1936), it follows that the APA does not apply to the action of the Secretary in approving the regulation here challenged. Indeed, the Supreme Court has held that such decisions are political in nature and therefore do not present a justiciable "case or controversy" within the meaning of Article III of the Constitution. *Chicago & Southern Air Lines Inc., supra,* 333 U.S. at 111–12, 68 S.Ct. 431.

■ The bar of nonjusticiability also prevented the district court from assuming jurisdiction of the claim that Congress had unlawfully delegated its power to the President. Appellants have shown no actual injury from the action of Congress complained of. The mere existence of the statutes does not suffice to create a "case or controversy" within the meaning of Article III.

"The power of courts, and ultimately of this Court, to pass upon the constitutionality of acts of Congress arises only when the interests of litigants require the use of this judicial authority for their protection against actual interference. A hypothetical threat is not enough." United Public Workers v. Mitchell, 330 U.S. 75, 89–90, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947).

Since appellants presented only the possibility of their prosecution for violation of the regulation, they have failed to establish the existence of a "case or controversy." *United Public Workers, supra;* see O'Shea v. Littleton, 414 U.S. 488, 493–99, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

■ Even had appellants cleared the hurdle of nonjusticiability, the delegation of power here at issue was not improper.

"[C]ongressional legislation which is to be made effective through negotiation and inquiry within the international field must often accord to the President a degree of discretion and freedom from statutory restriction which would not be admissible were domestic affairs alone involved." United States v. Curtiss-Wright Corp., 299 U.S. 304, 320, 57 S.Ct. 216, 221, 81 L.Ed. 255 (1936).

Congress properly allowed the President discretion to approve the regulations of the Commission.

The order of the district court dismissing appellants' action for lack of jurisdiction is affirmed.